**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-50283 |
| Plaintiff-Appellee, | D.C. No.  3:15-cr-00212-BEN |
| v. | |
| OMAR MENERA-ARZATA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted August 16, 2016[**]

Before:     O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Omar Menera-Arzata appeals from the district court's judgment and challenges the 36-month custodial sentence and 3-year term of supervised release imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm.

Menera-Arzata contends that the district court procedurally erred by (1) factoring irrelevant asylum issues into its sentencing analysis and (2) relying on clearly erroneous facts, namely that Menera-Arzata's alcoholism continued to present a threat to the public. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered only appropriate sentencing factors and did not rely on any clearly erroneous facts. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Menera-Arzata next contends that his sentence is substantively unreasonable. The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Menera-Arzata's criminal and immigration history. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Moreover, the district court did not abuse its discretion in imposing the term of supervised release as an added measure of deterrence. *See* U.S.S.G. § 5D1.1 cmt. n. 5; *United States v. Valdavinos-Torres*, 704 F.3d 679, 692-93 (9th Cir. 2012).

**AFFIRMED.**